

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,385-01

**EX PARTE WILLIAM CHRISTOPHER LLOYD, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 68,452-A IN THE 27th DISTRICT COURT
## FROM BELL COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to seven years' imprisonment. Applicant's appeal was dismissed for want of jurisdiction. *Lloyd v. State*, No. 03-11-00638-CR (Tex. App.—Austin, delivered November 16, 2011, no pet.).

Applicant contends that he was deprived of his meaningful right to a direct appeal through no fault of his own. Specifically, the Applicant alleges that a clerical error in the record resulted in his appeal being dismissed for want of jurisdiction.

The trial court has entered findings of fact and conclusions of law that a clerical error was made in this case and recommends that relief be granted. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 68,452-A from the 27th District Court of Bell County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered:     May 8, 2013
Do not publish